# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. -cv--

JOUBERT DEVELOPMENT INC., a Colorado corporation

     Plaintiff,

v.

TODD BUDIN,
SHERIDAN BUDIN,
PETER STEWART,
STEWART ARCHITECTURE, a Colorado corporation, and
NEW LEAF PROPERTIES, INC., a Colorado corporation,

     Defendants.

_____

# COMPLAINT
_____

Plaintiff Joubert Development Inc., d/b/a Joubert Homes ("Joubert" or "Plaintiff") by and through undersigned counsel, as and for its Complaint against Todd and Sheridan Budin (jointly "Budins"), Peter Stewart and Stewart Architecture (jointly "Stewart"), and New Leaf Properties, Inc. ("New Leaf") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under 17 U.S.C. § § 101, *et seq.* This action arises out of Defendants' unauthorized reproduction and public

display and use of copyrighted architectural drawings and plans authored and owned by Joubert, a professional design/build firm.[1]  Accordingly, Joubert seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101, *et seq.*, and other related relief.

## JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331, 1338(a) and 1367.

3.    This Court has personal jurisdiction over Defendants because Defendants reside and/or transact business in Colorado.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.    Joubert Development, Inc., d/b/a/ Joubert Homes, is a Colorado corporation with its principal place of business in Denver, Colorado.

6.    Joubert is engaged in the business of creating, marketing, publishing and licensing the use of "architectural works" (as that term is defined in the Copyright Act and the Architectural Works Copyright Protection Act of 1990, 17

---

[1] Copyright application filed on July 7, 2025.  Registration number pending: Title "891 Larkspur Court, Louisville, Colorado 80027"; Case No. 1-14954885621.

U.S.C. § 101, *et seq.*) and technical drawings depicting such architectural works.
Joubert also builds homes based on its architectural works.

7.    Upon information and belief, all Defendants reside and/or transact
business in the state of Colorado:

a.    Todd and Sheridan Budin reside at 807 Rock Rose Court, Louisville,
Colorado.

b.    Peter Stewart is an architect licensed in Colorado and upon information
and belief is the sole principal of Stewart Architecture, a Colorado corporation with
its principal place of business in Louisville, Colorado.  Stewart Architecture can be
served through its registered agent, Peter J. Stewart, 1132 Jefferson Ave., Louisville,
Colorado 80027.

c.    New Leaf Properties, Inc. is a Colorado corporation with its principal
place of business in Longmont, Colorado.  New Leaf Properties can be served
through its registered agent, Brian Phillips, 9825 Yellowstone Rd., Longmont,
Colorado 80504.

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of Architectural Drawings and
Plans**

8.      Joubert entered into a Design Services Contract (the "Contract") with the Budins to design a residence to be built on the property located at 891 Larkspur Court, Louisville, Colorado 80027 ("Larkspur Home") on June 8, 2024.  A true and correct copy of the Contract is attached hereto as Exhibit 1.

9.      Joubert requested that the Budins retain a surveyor to survey the real property for the Larkspur Home.  Based on the surveyor's site plan, Joubert calculated the dimensions and drafted drawings of the Larkspur Home to best suit the property and comply with the height, lot line restrictions and setbacks required by the City of Louisville.

10.     Joubert conferred with the Budins in person, via video conference and telephone calls regarding the design for the Larkspur Home multiple times between June and late August 2024.  Joubert maintained a log of all communications.

11.     Joubert drafted multiple iterations of the Larkspur Home plans, both floor plans and elevations, based on the communications between Joubert and the Budins.  Joubert maintained each iteration of the architectural works and technical drawings drafted by its team and presented to the Budins. The first page of every iteration provided by Joubert to the Budins is marked with Joubert's copyright notation. A true and correct example thereof is attached hereto as Exhibit 2. (The Larkspur Home plans are referred to hereafter the Joubert plans or "Design.")

12.     In early September of 2024, the Budins unilaterally elected not to continue with the Contract.  Joubert's further performance was thus excused.

13.     Joubert chose not to sue the Budins for their breach of the Contract and money damages at that time.  However, after learning of the Budins' breach of the Contract regarding the unauthorized use of Joubert's plans and drawings, as described below, Joubert now asserts its rights under the Contract.

14.     The Contract does not authorize the Budins or anyone on behalf of the Budins, or anyone else, to use, reproduce or publicly display Joubert's architectural works or technical drawings.  The Contract states:

> COPYRIGHT AND OWNERSHIP OF DOCUMENTS: The documents comprising the work are instruments of design services provided by the Designer Builder and the property of Joubert Development, are covered by federal copyright laws, and may not be reused without written authorization. All promotional images of the project shall reference and credit Joubert Development as the designer.

15.     On June 6, 2025, Steffen Andrews, head of design for Joubert, drove by the property at 891 Larkspur Court in Louisville, Colorado.  Mr. Andrews there saw a drawing resembling the Joubert Larkspur Home plans front elevations prominently displayed on a large sign at the front of property and construction of the home underway by New Leaf Properties.  Mr. Andrews photographed the sign and sent the photograph to Chuck Bower, head of construction for Joubert.  A copy of the photograph is attached hereto as Exhibit 3.

16.     Mr. Bower telephoned Timothy Bertola of New Leaf Properties at the telephone number posted on the sign and asked Mr. Bertola about the sign displayed by New Leaf at 891 Larkspur Court.  Mr. Bertola informed Mr. Bower that, based on his information, Peter Stewart was the architect on the project.

17.     On or about June 10, 2025, Mr. Bower was able to obtain a set of plans from the City of Louisville filed by Stewart for 891 Larkspur Court.[2]  The elevations, floor plans, and 3-D modeling representation were identical or nearly identical to the ones developed and copyrighted by Joubert.  The Joubert logo was removed on the plans and replaced by "Stewart Architecture."  A true and correct copy of said plans is attached hereto as Exhibit 4.

18.     Joubert filed an application to register its copyright for the Larkspur Home Design with the United States Copyright Office on July 7, 2025.  Joubert's application has been accepted and Joubert is waiting for the Copyright Office to issue the copyright registration number.

19.     On June 14, 2025, and again on August 5, 2025, undersigned counsel for Joubert sent cease and desist letters to both the Budins and Stewart based on their unauthorized reproduction and publication of Joubert's Larkspur Home Design.

---

[2] The plans filed by Stewart were removed from the City of Louisville website shortly thereafter.

6

20.    The Budins, by their attorney Sean Soon, Esq., refused to acknowledge Joubert's authorship and ownership of the Larkspur Home Design.

21.    Stewart claimed the Budins were authorized to use the Larkspur Home Design despite the absence of any language in the Contract granting authorization to the Budins or anyone on the Budins' behalf.

22.    Photographs taken of the property at 891 Larkspur Court on September 26, 2025, demonstrate that Defendants are willfully continuing to infringe upon Joubert's copyright by publicly displaying the Larkspur Home Design and continuing construction based on Joubert's plans unlawfully reproduced by Defendants.  Copies of the photographs are attached hereto as Exhibit 5.

23.   Plaintiff never authorized any of the Defendants, by license or otherwise, to use, copy, reproduce, distribute, or display the Larkspur Home Design nor to prepare derivative works based on the Larkspur Home plans.

24.   Defendants infringed on Plaintiff's exclusive rights in the Larkspur Home Design by using, copying, reproducing, duplicating, distributing, mislabeling and displaying it and/or derivative works derived therefrom without Plaintiff's permission.

25.   Each infringing copy, duplication, sale, license, mislabeling or display of the Larkspur Home Design, as well as the threat of continuing the same, constitutes a separate claim against Defendants under the Copyright Act. Plaintiff has sustained, and will continue to sustain, substantial damages to the value of its copyright in that the previously described activities of Defendants have diminished and will continue to diminish the revenues that Plaintiff would otherwise receive. In addition, Defendants have realized unlawful and unjust profits from their unauthorized and illegal copying, duplication, distribution, and display of copies of the Larkspur Home Design.

26.   Defendants continue to infringe the copyrighted Larkspur Home plans and unless temporarily, preliminarily and permanently enjoined by order of this Court, will continue to infringe said copyright, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiff will be required to pursue a multiplicity of actions.

27.   As a direct result of the conduct of Defendants, Plaintiff has suffered and continues to suffer damages in an amount to be determined. Plaintiff was unable to realize profits from the Joubert Design and obtain additional business via public display and attribution of the Design to Plaintiff and not the Defendants.

28.   Defendants have committed all of the aforesaid acts deliberately, willfully, maliciously and oppressively, without regard to Plaintiff's proprietary rights.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement Against All Defendants)

29.   Plaintiff repeats and alleges the averments contained in paragraphs 1-28 as though fully set forth herein.

30.   The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

31.   As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

32.   By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendants' profits to the extent the same are not included as part of Plaintiff's damages, and entitled to injunctive relief pursuant to 17 U.S.C. §502.

33.   In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Conversion against all Defendants)

34.   Plaintiff repeats and alleges the averments contained in paragraphs 1-33 as though fully set forth herein.

35.   Defendants have intentionally and substantially interfered with Joubert's ownership of the Larkspur Home Design and drawings by unauthorized use, dominion or ownership over Joubert's Design and drawings, exceeding the extent and duration of authorized use of Joubert's personal property without Joubert's consent.

36.   Defendants' conduct amounts to conversion pursuant to Colorado law.

37.   Plaintiff has suffered damages of loss and benefit of exclusive use and ownership of its Design and drawings, impairment of reputation, attorneys fees and costs as a direct result of Defendants' conduct.  Exemplary or special damages are also appropriate due to Defendants' willful and intentional continuing conduct after Joubert twice requested Defendants cease and desist their unauthorized use of the Larkspur Home Design and drawings.

### THIRD CLAIM FOR RELIEF
**(Civil Theft against all Defendants)**

38.   Plaintiff repeats and alleges the averments contained in paragraphs 1-37 as though fully set forth herein.

39.   Defendants knowingly and without authorization exercised control over the Larkspur Home Design and drawings with the intent to permanently deprive Plaintiff of the benefit and ownership thereof, and have refused to cease such conduct after Joubert's demand.

40.  Defendants' conduct amounts to civil theft pursuant to C.R.S. §18-4-405 and case law construing said statute.

41.  Joubert has suffered damages as a direct result of Defendants' conduct and is entitled to actual economic and non-economic damages, treble damages and reasonable attorney's fees and costs as provided by C.R.S. §18-4-405 and case law construing said statute.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract against Budins)

42.  Plaintiff repeats and alleges the averments contained in paragraphs 1-41 as though fully set forth herein.

43.  Plaintiff and Budins entered into the Contract (Exhibit A.)

44.  The Contract expressly states the intent of Joubert to complete the entire project through several phases.

45.  After the Budins only paid $8,000 of the $52,000 Contract fees, Todd Budin expressed his desire to terminate the Contract and no longer work with Plaintiff.

46.  In early September of 2024, based solely on the Budins' express intent to no longer fulfill their obligations under the Contract, the parties stopped working together.

47.   At no time did Joubert agree to terminate the Contract or their rights under the Contract, including but not limited to their ownership and copyright of and in the Joubert Design, or authorize the Budins to appropriate or use the Joubert Design.

48.   The Budins breached the Contract by:

(a) misappropriating the Larkspur Home Design and drawings;

(b) reproducing the Larkspur Home Design or allowing Stewart and New Leaf to do so without Joubert's express authorization;

(c) failure to comply with the Contract provision which requires that "all promotional images of the project shall reference and credit Joubert Development as the designer"; and

(d) failing to comply with Contract terms including paying money to Plaintiff.

49.   Joubert suffered damages as a result of Budin's breach of contract.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment against Budins, Stewart and New Leaf)

50.   Plaintiff repeats and alleges the averments contained in paragraphs 1-49 as though fully set forth herein.

51.   Defendants received the benefit of Joubert's Larkspur Home Design without Joubert's express authorization and without paying Joubert a licensing fee to:

(a) create a set of plans to be filed with City of Louisville based on the Joubert Design;

(b) reproduce the Larkspur Home documents to an engineer for the necessary structural calculations and stamp; and

(c) publicly display the 3-D rendering of the Larkspur Home at 891 Larkspur Court to market New Leaf as the builder for the project without referencing and crediting Joubert for the design and the 3-D rendering of the same.

52.   The benefits to Defendants as set forth above were at the expense of Joubert.

53.   Under the circumstances set forth above, it is unjust for the Defendants to retain the benefits of the Larkspur Home Design and drawings without commensurate compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.   For an Order enjoining Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

(a) infringing, or contributing to or participating in the infringement by others of the Joubert Design copyright or acting in concert with, aiding and abetting others to infringe said copyright in any way;

(b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization the Larkspur Home Design to which Plaintiff is owner of exclusive rights under the respective copyrights or derivative works based thereon; and

(c) publication of the copyrighted Larkspur Home Design and derivative works based thereon.

2.    That Defendants be required to account for and pay to Joubert the actual damages suffered by Joubert as a result of the infringement and any profits of the Defendants attributable to the infringement of Joubert's copyright or exclusive rights under copyright and to pay such damages to Joubert as shall appear to this Court just and proper within the provisions of the Copyright Act, or, in the alternative, at Joubert's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3.    For all damages applicable to Plaintiff's claims for relief for unjust enrichment, conversion, theft and breach of contract, including but not limited to injunctive relief, money damages, restitution, and moratory interest;

4.    For an award of costs under 17 U.S.C. § 505 or as otherwise provided by
law;

5.    For an award of attorneys' fees pursuant to 17 U.S.C. § 505 or as
otherwise provided by applicable law including C.R.S. §18-4-405;

6.    For an award of pre-judgment interest and post-judgment interest in
the maximum amount permitted by law; and

7.    For such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.


Dated: December 29, 2025        Respectfully submitted,

                               s/ Murray Wilkening
                               Murray Wilkening - #15302
                               Murray Wilkening, P.C.
                               7691 Shaffer Parkway Suite B
                               Littleton, CO 80127
                               Phone: (303)763-8988
                               Email: murray@mwilkening.com
                               Attorneys for Plaintiff